# McKeown's Estate.

*Wills—Construction—Rule against perpetuities—Accumulations —Act of April 18, 1853, P. L. 503—Intention.*

Testatrix devised three-fourths of her residuary estate in trust, directing that the income be given to her three sons for life, and providing that upon the death of any of such sons the one-third part theretofore paid to such deceased son should be equally divided among his children and that the principal of such third should be divided among such children upon their arriving at the age of twenty-five years. The will then provided, "upon any of my sons dying without children or the issue thereof living, then I direct my said trustee to pay such interest as they would have received hereunder, to the children of my other sons per capita, upon their arriving at the age of twenty-five years." The eldest son of the

testatrix died after the testatrix without issue, and a daughter of the testatrix claimed that the gift over to the children of surviving sons of the testatrix was void as an accumulation and was violative of the rule against perpetuities. *Held,* (1) the testatrix intended that the one-third of the trust estate, the income of which was paid to the deceased son of the testatrix during his life, should on the death of such son vest in the children of her surviving sons as a class immediately upon the death of such deceased son, and (2) that the will did not violate the rule against perpetuities or the statute against accumulations.

Argued Oct. 3, 1917. Appeal, No. 97, Oct. T., 1917, by Anna L. Braden, from decree of O. C. Washington Co., May T., 1916, No. 46, dismissing exceptions to adjudication in Estate of Sara McKeown, deceased. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before McILVAINE, P. J.

From the record it appeared that testatrix devised the residue of her estate, real, personal and mixed, in trust, one-fourth to the use of her daughter, and provided as follows as to the remaining three-fourths:

"And I do direct my said trustee to pay annually one-third of the net income from the said remaining three-fourths to each of my sons, William King McKeown, James B. McKeown and Scott A. McKeown, during their natural lives, but upon the death of any one of them, he shall pay the third part theretofore paid to such deceased son, to his widow and children, in the proportion of one-third thereof to the widow and two-thirds thereof to the children until they arrive at the age of twenty-five years, the payment to such widow, however, to cease upon her subsequent marriage or death, and in no event whatever is any income to be paid to the widow of my son, Arthur J. McKeown, it being my will and I do so direct that she receive nothing under this will. Upon the children of any deceased son arriving at the age of twenty-five years, I direct my said trustee to pay to such children in equal shares, the one-third of the remaining

three-fourths of such trust estate, excepting, however, that if the widow of my said son be then still living and unmarried, one-third of said one-third shall be withheld by my said trustee and the income therefrom be paid annually to such widow (except the widow of my son Arthur J. McKeown, who shall receive nothing hereunder), until her death or marriage, when the principal so withheld shall be paid to such children or the issue thereof. Upon any of my sons dying without children or the issue thereof living, then I direct my said trustee to pay such interest as they would have received hereunder, to the children of my other sons per capita, upon their arriving at the age of twenty-five years."

Testatrix died on July 5, 1910. William King McKeown died May 7, 1914, without children or the issue thereof, leaving surviving him Mary McKeown, his widow. Testatrix's daughter thereafter petitioned the Orphans' Court for a citation to compel the trustee under the will to file an accounting and for a distribution, contending that the gift over to the children of the surviving sons of the testatrix was in violation of the rule against perpetuities and the statute against accumulations.

The auditing judge filed the following conclusions of law:

"1st. That the testator intended that the one-third of the trust estate, the income of which was paid to William King McKeown during his life, should vest in the children of her surviving sons, James B. McKeown and Scott A. McKeown, as a class, immediately upon the death of the said William King McKeown, and that two-thirds of the income previously paid to him should be paid to them until they were twenty-five years of age, and one-third thereof to his widow, the payment to such widow, however, to cease at her subsequent marriage or death; and upon the said children of the said James B. McKeown and Scott A. McKeown arriving at the age of twenty-five years, the principal from which this income

accumulated to be paid to such children in equal shares, excepting, however, that if the widow of said William McKeown be then still living and unmarried, one-third of said one-third to be held by the trustee and the income therefrom paid annually to her until her death or marriage, the principal so withheld to be paid to such children or issue, or the issue thereof.

"2nd. That neither the rule against perpetuities nor the Statute of 1853, against accumulation was violated by the testatrix when she disposed of the rest, residue and remainder of her estate, real, personal and mixed, as set out in full in the tenth paragraph of her will quoted in the facts alleged and admitted."

The lower court dismissed the petition. Petitioner appealed.

*Error assigned,* among others, was the decree of the court dismissing the petition.

*John C. Bane,* with him *James P. Braden, A. G. Braden* and *Charles W. Campbell,* for appellant.

*Norman E. Clark,* with him *Isaac M. Baum* and *Winfield McIlvaine,* for appellee.

PER CURIAM, October 19, 1917:

This appeal is dismissed and the decree of the court below affirmed on the legal conclusions reached by its learned president judge in his opinion dismissing the petition of the appellant for a citation.

Appeal dismissed at appellant's costs.